UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EDWARD M. KELLY,

                          Plaintiff,

v.                                                          Case No.  5:08-cv-258-Oc-10GRJ

MICHAEL J. ASTRUE, Commissioner of Social
Security,

                          Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

        This matter comes before the Court upon reference by the Clerk.  The docket

reflects that Plaintiff simultaneously filed his Complaint against the Commissioner (Doc.

1) and Motion to Proceed *In Forma Pauperis* (Doc. 2) on June 27, 2008. In the Court's

Order dated June 30, 2008 (Doc. 3), the Court granted Plaintiff's Motion to Proceed *In*

*Forma Pauperis* and directed Plaintiff to provide the Clerk with completed service of

process forms, summonses, and service copies of the Complaint. This matter was

designated as a Track One case on July 23, 2008. (Doc. 4.) Pursuant to Rule 4(m) of

the Federal Rules of Civil Procedure, service on Defendant was due on or before

October 27, 2008.

        Having not received an executed return of service, nor an answer by the

Commissioner, the Court issued a Show Cause Order (Doc. 5) on November 7, 2008,

requiring Plaintiff, within ten days of the Order, to show cause in writing why he had

_____

[1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local
Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely
objections shall bar the party from a *de novo* determination by a district judge and from attacking factual
findings on appeal.

failed to provide the Clerk with completed service of process forms, summonses, and service copies of the Complaint so that the Marshal could effect service of process.

Plaintiff has failed to file a response to the Court's November 7, 2008 Show Cause Order.  Moreover, the docket reflects that the Clerk has not been provided with completed service of process forms, summonses, and service copies of the Complaint. Neither an executed return of service nor an answer by the Commissioner has been filed, and so service of process has not been effected.  Accordingly, in light of Plaintiff's failure to prosecute this case, and in light of his failure to comply with an Order of this Court, his Complaint against the Commissioner is due to be **DISMISSED without prejudice**.

## DISCUSSION

Consistent with its inherent power to achieve orderly and expeditious disposition of cases, a federal court can act *sua sponte* to dismiss an action based on a plaintiff's failure to prosecute[2] or his failure to comply with an order of the court.[3]  While dismissal is a drastic sanction that is to be utilized only in extreme situations, it is appropriately applied where there is a clear record of delay or contumacious conduct on behalf of the

---

[2]*See* In re Mroz, 65 F.3d 1567, 1575 n.9 (11th Cir. 1995) (citing Chambers v. NASCO, Inc., 501 U.S. 32 (1991)).  In Chambers, the United States Supreme Court discussed a federal court's inherent power to control proceedings and acknowledged that "[i]t has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" Chambers, 501 U.S. at 43 (quoting United States v. Hudson, 11 U.S. (7 Cranch) 32 (1812)); *see also* Clark v. James, 794 F.2d 595, 597 (11th Cir. 1986) (dismissing of civil action for want of prosecution); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (same).

[3]*See* Jones v. Graham, 709 F.2d 1457, 1462 (11th Cir. 1983) (failing to comply with court order and local rules and clear record of delay demonstrating lack of prosecution warranted dismissal with prejudice); *see also* Boron v. W. Tex. Exports, Inc., 680 F. Supp. 1532 (S.D. Fla. 1988).

2

plaintiff.[4]  The failure of a plaintiff to obey court rules and orders or a plaintiff's voluntary absence from a scheduled hearing coupled with a pattern of similar conduct have been held to constitute want of prosecution, justifying the sanction of dismissal.[5]

This case presents circumstances which justify the sanction of dismissal.  Here, with the exception of filing his Complaint in June 2008, Plaintiff has not participated at all in the prosecution of this action.  After filing the Complaint, Plaintiff had 120 days, or until October 27, 2008, to serve Defendant in accordance with the provisions set forth by Rules 4(c), (j) and (m) of the Federal Rules of Civil Procedure. Based on the absence of an executed return of service or an answer by the Commissioner, it is apparent that Plaintiff has not satisfied the requirements of Rule 4, which, alone, is cause for dismissal.[6]

Plaintiff was advised about such failure in the Court's November 7, 2008 Order. (Doc. 5.)  In that Order, Plaintiff was directed to show cause in writing within ten days of the Order as to the reason for his failure to provide the Clerk with completed service of process forms, summonses, and three (3) service copies of the Complaint so that the Marshal can effect service of process pursuant to Rule 4(c)(3). Plaintiff was notified that his failure to comply with the Court's Order would result in the recommendation that this

---

[4]Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n, 62 F.3d 1356, 1366 (11th Cir. 1995).

[5]*See* Jones, 709 F.2d at 1462; *see also* Clark, 794 F.2d at 597 ("The sanction of dismissal was imposed . . . because [plaintiff] had deliberately failed to appear at the hearing, and it was an appropriate sanction. The district judge is not required to ignore a litigant's voluntary absence from the hearing set in his case . . . If it is clear that a moving party deliberately failed to appear at a hearing on the issues he raises, dismissal is appropriate . . . .").

[6]*See* FED. R. CIV. P. 4(m).

action be dismissed without prejudice for lack of prosecution. Although the docket reflects that the Clerk sent this Order as well as blank summons and blank Marshal 285 forms to Plaintiff by mail at: 5791 S. Candy Cane Dr., Homosassa, FL 34446 on November 10, 2008, Plaintiff has failed to respond to the Court's Order. As discussed above, his failure to do so justifies dismissal of the Complaint.

## **RECOMMENDATION**

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED without prejudice** because of Plaintiff's failure to prosecute this action and because of his failure to comply with an Order of the Court.

**IN CHAMBERS** in Ocala, Florida, on December 30, 2008.

GARY R. JONES
United States Magistrate Judge

Copies to:
  The Honorable Wm. Terrell Hodges
  Senior United States District Judge

  *Pro se* Plaintiff
    5791 S. Candy Cane Dr.
    Homosassa, FL 34446